UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**CASA BONITA GRANDE**
**CONDOMINIUM ASSOCIATION, INC.,**

    **Plaintiff,**

vs.                                                                 CASE NO.: 2:24-cv-00163

**AMERICAN BANKERS INSURANCE**
**COMPANY OF FLORIDA,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

**COMES NOW** the Plaintiff, CASA BONITA GRANDE CONDOMINIUM ASSOCIATION, INC. ("Plaintiff"), by and through the undersigned counsel, and hereby sues the Defendant, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA ("Defendant"), and as grounds therefor states as follows:

### PARTIES

1. At all times material hereto, Plaintiff was and is the owner of real property located at 25900 Hickory Boulevard, Bonita Springs, Lee County, Florida 34134.

2. The Defendant is an insurance company authorized to conduct business in the State of Florida and was engaged in the business of insurance in Lee County, Florida.

## JURISDICTION AND VENUE

3. This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. §4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiff. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. §4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. §1331.

4. The insured property is situated in the Middle District of Florida and venue is proper in this Court pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## FACTUAL ALLEGATIONS

5. Plaintiff purchased a Residential Condominium Building Association Policy – Standard Flood Insurance Policy, Policy No. 69060225162022 (the "Policy"). A copy of the Flood Insurance Policy Declarations and Standard Flood Insurance Policy form are attached hereto and incorporated herein as **"Exhibit A"**.

6. The Policy issued to the Plaintiff covered flood damage to the Plaintiff's Building.

7. Plaintiff paid all premiums on the Policy and the Policy was in full and continuing force and effect at all relevant times herein.

8. On or about September 28, 2022, rising water caused the inundation by water of the insured property and the surrounding area causing flood waters to enter the building on the insured property. As a direct and proximate result of the flooding, Plaintiff suffered a direct physical loss to the condominium building located at 25900 Hickory Boulevard, Bonita Springs, Lee County, Florida 34134. Defendant has partially indemnified Plaintiff for the damage to the building, but a dispute has arisen over the scope and amount of necessary building damage repairs.

9. The damage to Plaintiff's real property was caused by flood and is, therefore, an undisputed covered peril under the Policy.

10. Plaintiff made timely application for insurance benefits under the Policy and the claim was inspected and adjusted by or on behalf of the Defendant, but Defendant has improperly failed to pay the full benefits due and owing under the Policy for this loss.

11. All conditions precedent to obtaining payment of said benefits under the Policy from Defendant have been complied with, met, or waived.

## COUNT I
## Breach of Contract

12. Plaintiff re-alleges and incorporates paragraphs one (1) though eleven (11) as though fully set forth herein.

13. Defendant has a duty to indemnify the Plaintiff in the event of a covered cause of loss during the policy period.

14. Defendant has breached the Policy of insurance by improperly failing to pay the full benefits due and owing under the Policy for a covered cause of loss during the policy period.

15. Defendant's breach of the Policy of insurance as noted in Paragraph 14 above has proximately caused damage to the Plaintiff.

16. Plaintiff has been damaged by failing to receive the full benefits available under the Policy for their loss.

17. Plaintiff is entitled to the full cost of repair of the damage to the insured property, including but not limited to, repair to the structure, emergency repairs, and all other coverages afforded by the Policy for this loss.

18. Because of Defendant's improper refusal to pay the losses sustained by Plaintiff in full, Plaintiff has retained the services of the undersigned counsel and is obligated to pay a reasonable fee for their services. Plaintiff is entitled to attorney's fees, costs and case expenses

incurred in filing and prosecuting this action pursuant to the Equal Access to Judgment Act ("EAJA"), 28 U.S.C. § 2412.

**WHEREFORE,** Plaintiff, CASA BONITA GRANDE CONDOMINIUM ASSOCIATION, INC., demands a judgment against the Defendant for:

a.  All damages to which Plaintiff is entitled, including all benefits available under the Policy for this loss;

b.  Court costs, case expenses, expert fees and costs, and attorney's fees pursuant to the Equal Access to Judgment Act ("EAJA"), 28 U.S.C. § 2412;

c.  Trial by jury of all issues so triable as a matter of right; and

d.  All further relief that the Court deems just and proper.

**DATED** this 21st day of February, 2024.

/s/Nicole C. Vinson
Nicole C. Vinson, Esq.
Florida Bar No. 34953
STOCKHAM LAW GROUP, P.A.
109 S. Edison Ave.
Tampa, Florida  33606
Telephone: (813) 867-4455
Facsimile: (813) 867-4454
nvinson@stockhamlawgroup.com
Lead Counsel for Plaintiff